CRICHTON, J.[1]
hWe granted the writ in this medical malpractice case to determine whether the court of appeal properly assessed damages under the principles set forth in Coco v. Winston Industries Inc., 341 So.2d 332 (La. 1976). We'find that, because the court of appeal found manifest error in the jury’s factual findings, the court' should have instead performed a de novo review of damages under the principles outlined in Mart v. Hill, 505 So.2d 1120 (La. 1987). For the. reasons set forth below, we reverse the judgment of the court of appeal and remand to the court of appeal for it to reconsider its decision under the principles set forth in Mart.
. BACKGROUND
In 2003, plaintiff Kimberly Thibodeaux (then 37 years old), married to Todd Thi-bodeaux, became pregnant with her fourth child. Dr. James Donnell was her obstetrician-gynecologist throughout her pregnancy. During the course of the pregnancy, Mrs! Thibodeaux was diagnosed with complete placenta previa and, in |2mid-Novem-ber, at approximately 29 weeks pregnant, she was hospitalized for four days at Ter-rebonne General Medical Center (“TGMC”) in Houma, for vaginal bleeding secondary to placenta previa. On November 18, upon Dr. Donnell’s referral, she consulted a maternal/fetal medicine specialist who handled high risk pregnancies; the specialist recommended rest, limited activity, and delivery of Mrs. Thibodeaux’s child at 36-37 weeks gestation. The next day, November 19, Mrs. Thibodeaux returned to TGMC with renewed vaginal bleeding and contractions. Dr. Donnell delivered Gabrielle Thibodeaux via cesarean section on November 20.
After the baby’s delivery, Dr. Donnell was unable to remove the placenta from Mrs. Thibodeaux’s lower uterine segment and encountered vigorous bleeding. As-a result, Dr.' Donnell performed an emergeii-cy cesarean'hysterectomy, which entailed removal of' plaintiff s uterus and cervix. After completing the hysterectomy, and while preparing to close the Mrs. Thibo-deaux’s abdomen, Dr. Donnell discovered a large laceration to her bladder.[2] At that point, Dr. Donnell considered a urológic cónsultation due to the size of the laceration, but he ultimately repaired it himself. *276 Dr. Donnell testified that he made this decision because Mrs. Thibodeaux had “lost a lot of blood” and he wanted to close her abdominal wall to avoid additional blood loss.
After completing the surgery, Dr. Donnell ordered a post-operative test to determine if the bladder repair was successful. The test revealed that the bladder sutures were obstructing Mrs. Thibodeaux’s ureters, the tubes that drain urine from the kidney into the bladder. This obstruction was then confirmed by a cystoscopy performed by a urologist, Dr. Robert Alexander, consulted by Dr. Donnell. The same day as the birth and cesarean hysterectomy, Dr. Alexander reopened Mrs. Thibo-deaux’s abdomen, removed the bladder sutures to free the ureters, and | ^re-repaired the bladder laceration. Dr. Alexander also inserted a catheter in plaintiffs bladder and stents into her ureters to facilitate urine drainage from the kidneys to the bladder. Mrs. Thibodeaux remained hospitalized for five days.
Mrs. Thibodeaux followed up with Dr. Alexander several weeks later, and underwent separate procedures to remove the catheter and stents. Dr. Alexander testified that, at that point, her urologie system was flowing properly; the bladder was not leaking, and the ureters were functioning correctly. Mrs. Thibodeaux followed up again with Dr. Alexander in late April 2004, at which time he unsuccessfully attempted to distend her bladder. He determined her bladder had a capacity of 300-350 cubic centimeters (ccs), less than the average bladder capacity of 400-500 ccs for a person of her size.
Although her bladder healed, Mrs. Thi-bodeaux continued to see Dr. Alexander for three years with irritative bladder symptoms, including urinary frequency every 30-60 minutes, urgency, urine leakage, painful urination, painful sexual intercourse, urination during sexual intercourse, excessive nighttime urination, and abdominal pain. Dr. Alexander diagnosed her with interstitial cystitis, also known as painful bladder syndrome, and prescribed medications, none of which relieved plaintiffs symptoms. Mrs. Thibodeaux last saw Dr. Alexander in September 2007, when he again unsuccessfully attempted to distend her bladder. At that point, he determined her bladder had a capacity of only 250 ccs. According to Dr. Alexander, Mrs. Thibo-deaux’s diminished bladder capacity is permanent.
Mr. and Mrs. Thibodeaux filed a request for medical review in November 2004, but the medical review panel expired before an opinion was issued. In October 2006, the Thibodeauxs filed this medical malpractice suit against Dr. Donnell, individually, and on behalf of their child, Gabrielle. The trial court dismissed the suit as prescribed, but the court of appeal reversed, finding that the suit was timely filed. Thibodeaux v. Donnell, 07-1845 (La.App. 1 Cir. 994 So.2d 612. This Court affirmed, holding that the case was not prescribed and could go forward. 08-2436 (La. 5/5/09), 9 So.3d 120.
The matter proceeded to a four-day jury trial in May 2014, which concluded with a verdict in favor of the Thibodeauxs. As the court of appeal noted, the expert witnesses disagreed as to whether Mrs. Thibodeaux’s symptoms were caused by the failed bladder repair or by interstitial cystitis unrelated to the failed bladder repair. Dr. Alexander testified that he had not treated Mrs. Thibodeaux before November 2003, but that there was no evidence she had a history of these symptoms before that time. He also testified, however, that interstitial cystitis has no known cause and that it can occur in the absence of surgery or trauma to the bladder. On the other hand, the Thibodeauxs’ expert, Dr. Fred *277 Duboe, testified that Dr. Donnell’s failed bladder repair contributed to Mrs. Thibo-deaux’s reduced bladder capacity and, consequently, her urinary frequency and urgency. Dr. Duboe admitted, however, that the interstitial cystitis symptoms were “not as clear.”
After considering the evidence and testimony, the jury found that Dr. Donnell breached the applicable standard of care in the treatment of Mrs. Thibodeaux and that she was injured as a result of Dr. Donnell’s breach of the standard of care. With respect to damages, the jury award was as follows:
Kimberly Thibodeaux
Physical pain and suffering (past, present, future): $0
Mental pain and suffering (past, present, future): $0
Permanent Disability: $0
Loss of enjoyment of life: $0
Medical expenses: $60,000
Todd Thibodeaux
Loss of consortium: $0
Gabrielle Thibodeaux
Loss of consortium: $0
Total Damages: $60,000
|BThe trial court signed a judgment conforming to the jury verdict. Both parties filed motions for judgments notwithstanding the verdict, which were denied.
Plaintiffs appealed, contending that the jury abused its discretion by awarding special damages, but failing to award general damages. Dr. Donnell did not appeal the verdict. The court of appeal reversed in part, first holding that there was a “reasonable factual basis in the record” to support the jury’s finding of causation, specifically that (i) Dr. Donnell’s failed bladder repair caused injury to -Mrs. Thibodeaux, but (ii) all of Mrs. Thibodeaux’s mental or physical pain and suffering, discomfort, inconvenience, and/or emotional trauma were not causally related to Dr. Donnell’s malpractice. 15-0503, p.6-7 (La.App. 1 Cir. 2/24/16), 189 So.3d 469, 475. The court of appeal then held that, because the jury found plaintiff suffered “some injuries” causally related to the failed bladder repair, the jury abused its discretion in failing to award plaintiff “some amount of general damages.” Id., 15-0503, p.7, 189 So.3d at 475. The court then posed the inquiry: “The issue becomes, then, to what extent were Mrs. Thibodeaux’s injuries causally related to Dr. Donnell’s failed bladder repair.” Id.
Following this Court’s decision in Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977), the court of appeal noted it must determine the “lowest amount of general damages associated with those injuries reasonably within the jury’s discretion.” Id. After a review of the evidence and after analyzing the range of general damages awards for similar injuries, the court of appeal found that $50,000 was the lowest amount reasonably within the jury’s discretion and consistent with the special damages award. Id., 15-0503, p.11-12, 189 So.3d at 478-79. The court of appeal also held that the jury manifestly erred in finding that Dr. Donnell’s malpractice did not cause loss of consortium damages to Mr. Thibodeaux and Gabrielle. The court concluded that the evidence established that both Mr. Thibodeaux and Gabrielle suffered from Mrs. Thibodeaux’s inability to | ^accompany them in recreational activities they previously enjoyed and the Thibo-deaux’s sex life had been impacted “both quantitatively and qualitatively.” Id., 15-0503, p.13, 189 So.3d at 479-80. Based on the evidence—but “mindful that Dr. Donnell’s failed bladder repair only caused some of their damages”—the court of appeal found the appropriate loss of consortium awards to be $15,000 for Mr. Thibo-deaux and $5,000 for Gabrielle, the “lowest *278 amount reasonably within the jury’s discretion.” Id., 15-0503, p.14, 189 So.3d at 480.
Plaintiffs filed a writ of certiorari in this Court, which was granted. 16-0570 (La. 6/3/16), 192 So.3d 756. '
DISCUSSION
As noted above, we granted the writ in this matter to determine whether the court of appeal properly adjusted damages under the principles set forth in Coco v. Winston Industries Inc., 341 So.2d 332 (La. 1976). In Coco, the plaintiff filed suit against his employer, seeking damages arising from the loss of several fingers that occurred while operating a saw. The jury returned a verdict in favor of the plaintiff for $350,000, and the court of appeal, on rehearing, reduced the damage award to $140,000. Id. at 333-34. This Court reinstated the jury’s damage award, and articulated the applicable standard of review for an appellate court seeking to disturb a damage award:
[Bjefore a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court- abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is nevér appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.
Id. at 335 (emphasis added). ■ The Coco Court held that the jury in that case “did not abuse its much discretion” in assessing $350,000 in damages.
| /There are several rationales for what has become known as the Coco Rule.[3] The first rationale is that the “trier of fact has more direct contact with the parties, the witnesses, and the evidence and thus can better evaluate the true extent of plaintiffs injury, whereas the court of appeal bases its decision solely on the written record, briefs, and oral argument.” Clement v. Frey, 95-C-1119, 95-C-J.163, p.5-6 (La. 1/16/96), 666 So.2d 607, 610. This fundamental principle has roots in our Civil Code. See La. C.C. art. 2324.1 (“In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.”).- As this Court has stated, “[sjince an award of damages for personal injuries is of necessity somewhat arbitrary and also must vary greatly with the facts and circumstances of each case, the trial court is entrusted with large discretion making such awards, which discretion should not be disturbed on appellate review.” Id. (quoting Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, 160 (1963)). Two other, related, considerations influence the Coco Rule. First, “the trial court is in the best position to weigh the claimant’s testimony.” Id. And second, “repeated substitution by an appellate court of its own opinion as to quantum for that of the trial court, when combined with other appellate practices inherent in the Louisiana system of appellate review of law and fact, may have a demoralizing effect upon a trial judge in his assessment of his role in the judicial process.” 'Id. (citing Frank L. Maraist, Procedure, 38 La. L. Rev. 503, 511 (1978)).
*279 As we made clear several years , after Coco, in Mart v. Hill, 505 So.2d 1120 (La. 1987), the Coco Rule does not apply to every appellate review of a damages award. Mart, which involved an automobile accident, was tried before a commissioner, who found the plaintiff was 50% at fault. The commissioner awarded no damages for the consequences of the accident beyond a certain date, | «finding that the plaintiff did not" prove that his surgeries and disabilities beyond that date were causally related to the accident. The commissioner recommended a total damage award of $18,760.00, which was subject to the 50% reduction. Id. at 1121-22. The court of appeal affirmed, but this; Court reversed, finding' that the lower courts were- “clearly wrong” and that the plaintiffs disability- was “causally related” to the accident. Id. at 1127-28. We expressly found the Coco analysis inapplicable and instead applied what was termed a “res nova”[4]—or de- novo—determination of damages:.
The Coco principle of appellate review applies when an appellant questions the adequacy of a monetary award in a case which is otherwise uncomplicated by factual errors relating to the cause or duration of the plaintiff’s disability. ... Simply stated, Coco applies when an appellate , court is asked to correct a fact finder’s abuse of discretion in assessing the appropriate monetary award for a given injury. The principles are not applicable when a [de novo] review of quantum must be made to compensate a plaintiff for damages which the trial court did not believe were causally related to the accident.
Id. at 1128 (emphasis added). In other words, Coco’s highest/lowest principle does not apply when a reviewing court disturbs a jury’s factual finding related to causation. See Frank L. Maraist, 1 La. Civ. L. Treatise, Civ; Pro. § 14:14 (2d éd.) (Nov. 2015) (“The ‘much discretion’ rule does not apply if there was error in the trial court which interdicted the damage-determining process”) (emphasis added) (citing Mart).
Instead, as articulated in Mart,-the proper standard where an appellate court disturbs the trier of-fact’s causation finding is the manifest error/clearly wrong standard, under which the appellate court: (i) must find from the record that there is no reasonable factual basis for the trial court’s finding, and (ii) must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). 505 So.2d at 1127. After the reviewing court finds manifest error in a |fltrier of fact’s finding, the court performs a de novo damages review unbound by the limitations of Coco.[5]
Considering these rationales, in Wainwright v. Fontenot, 00-0492 (La. 10/17/00), 774 So.2d 70, the Court expounded on the principles of Coco. In Wainwright—as in *280 the case before us—the jury returned a verdict awarding medical expenses, but declining to award general damages. The court of appeal increased the medical expense award and awarded general damages to the plaintiff. This Court reversed, reinstating the jury’s medical expense award and finding that the jury did not abuse its discretion in declining to award general damages. The Court held that there is “no bright line rule at work” to define when a trier of fact’s damages award is an abuse of discretion. Id., 00-0492, p.9, 774 So.2d at 75-76. That is the case even where the jury awards special damages and no general damages. Id. (“[I]t would be inconsistent with the great deference afforded the factfinder by this court and our jurisprudence to state that, as a matter of law, such a verdict must always be erroneous.”). The Wainwright Court cautioned, however, that where a jury has awarded special damages but declined to award general damages, “as a general proposition,” the verdict may “often” be so inconsistent as to constitute an abuse of discretion. Id.[6]
We now turn to the court of appeal’s opinion in this case to determine the proper standard of review for an assessment of damages under these circumstances: abuse of discretion or manifest error.

110Causation and General Damages Findings Belated to Mrs. Thibodeaux

In setting forth the jury’s finding of fact regarding Mrs. Thibodeaux’s injuries, the jury verdict form read as follows:
INTERROGATORY NO. 1: Do you find by a preponderance of the evidence that Dr. James Donnell breached the applicable standard of care in the treatment of Kimberly Thibodeaux?
Yes X No ___
INTERROGATORY NO. 2: Do you find by a preponderance of the evidence that Kimberly Thibodeaux was injured as a result of a breach of the applicable standard of care by the defendant?
Yes X No_
The only remaining finding from the jury related to Mrs. Thibodeaux was the damages allocation; there was no additional finding related to causation. The court of appeal initially stated that it found a “reasonable factual basis in the record” to support the jury’s causation findings and applied the abuse of discretion standard and Coco to its review of damages. However, after a review of the court of appeal’s reasoning, we now hold that the court of appeal disturbed those findings in several significant ways.
First, the court of appeal states that the jury’s award of “only $60,000 in medical expenses suggests that the jury did not believe that all of Mrs. Thibodeaux’s mental or physical pain and suffering, [etc.] were causally related to Dr. Donnell’s medical malpractice.” 15-0503, p.6-7, 189 So.3d at 475 (emphasis added). But the words “suggests” and “all” indicate that the court of appeal is reading information into the verdict form that simply is not present. Second, the court of appeal held that, because the jury found Mrs. Thibo-deaux suffered “some injuries” causally related to the failed bladder repair, the jury abused its discretion in failing to award plaintiff “some amount of general damages.” Id. (emphasis in original). But *281 again, the verdict form does not make this clear. Instead, after finding the breach of the standard of care in the answer to the first question, the Injury seems to have assessed causation—without making any express allocation of the extent of causation—to Dr. Donnell. Third, and relatedly, the court of appeal endeavored to determine the “extent” to which Mrs. Thibo-deaux’s damages were “causally related” to the failed bladder repair, even though “extent” was not a finding made by the jury at all. Id. (“The issue becomes, then, to what extent were Mrs. Thibodeaux’s injuries causally related to Dr. Donnell’s failed bladder repair.”).
Our review of the court of appeal’s analysis leads to the conclusion that, by reading information regarding the scope or extent of causation into the verdict form, the court of appeal altered the jury’s causation finding where the jury was silent.[7] Accordingly, despite stating it found a reasonable factual basis for the jury’s determination, the court of appeal actually found the jury’s factual determination to lack a reasonable factual basis and to be clearly wrong. Mart, 505 So.2d at 1127. Though the court of appeal couched its review as abuse of discretion, the court of appeal’s actions in disturbing and adjusting the jury’s findings make clear that the court of appeal actually found manifest error—or, in Professor Maraist’s articulation, an error “which interdicted the damage-determining process.” 1 La. Civ. L. Treatise, Civ. Pro. § 14:14.[8] As explained above, after a reviewing court finds manifest error-in a trier of fact’s finding, that court should perform a de novo damages review as articulated in Mart, unbound by the highest/lowest limitations of the Coco Rule. Mart, 505 So.2d at 1128-29.
|12The court of appeal therefore erred by limiting its award for Mrs. Thibodeaux to “the lowest amount reasonably within the jury’s discretion and consistent with the special damages award” pursuant to Coco. 15-0503,p.11, 189 So.3d at 478.[9] Because the court of appeal adjusted the jury’s causation finding, thereby interdicting the damage-determining process, the court of appeal should have reviewed damages de novo, as set forth in Mart, in order to compensate Mrs. Thibodeaux for “damages which the [jury] did not believe were causally related to the accident.” Mart, 505 So.2d at 1128-29.

Loss of Consortium Claim Findings

With respect to the loss of consortium, service, and society damages claimed by Mr. Thibodeaux and the minor child, the court of appeal examined the jury ver *282 diet form,.noting that, in its answers on the.verdict form, the jury found that,Dr. Donnell’s breach of the applicable standard of care did cause injury to Mrs. Thibo-deaux, but that his breach did not cause a loss of consortium to Mr. Thibodeaux or the child. 15-0503, p.12-13, 189 So.3d at 479. But after performing its own review of the medical and lay evidence in the case, the court of appeal reversed that finding, holding that the “jury manifestly erred in finding that Dr. Donnell’s failed bladder repair caused no damages” to the husband and child. Id. (emphasis added). The court of appeal then determined the “appropriate award” for damages under these circumstances was $15,000 for Mr.. Thibo-deaux and $5,000 for the minor child, by comparing the result to other cases and finding this amount to be “the lowest amount reasonably within the jury’s discretion.” Id., 15-0503, p.14, 189 So.3d at 480.
| isThe court of appeal correctly recognized that manifest error review applied to the loss of consortium claims, because it adjusted the jury’s factual findings. Mart, 505 So.2d at 1128. However, the court of appeal failed to recognize the implication of that holding. As explained above, after finding manifest error, the court of appeal should have performed a de novo review in accordance with Mart, unbound by the highest/lowest limitations of the Coco Rule. Id. at 1128-29.
CONCLUSION
The Coco Rule applies when the reviewing court determines that the trier of fact abused its discretion when assessing damages. The Mart Rule, on the other hand, applies when the reviewing court determines that there was error in the jury’s factual findings and such error interdicted the damage-determining process. Here, despite saying that there was a reasonable factual basis for the findings, the court of appeal found error in the jury’s findings with respect to Mrs. Thibodeaux’s general damages. With respect to the loss of consortium claims, the court of appeal properly found manifest error, but then erroneously assessed damages using the Coco principle. In both of these scenarios, an entirely de novo review under Mart was required, rather than a limited damages review under Coco.
DECREE
Because the court of appeal adjusted the jury’s factual findings, such that it plainly found “error” in the jury verdict, the court should have performed a de novo review of damages under the principles outlined in Mart v. Hill, 505 So.2d 1120 (La. 1987), unrestricted by the limitations set forth in Coco. For the reasons set forth below, we reverse the judgment of the court of appeal and. remand for the court of appeal to reconsider its, awards under the principles set forth in Mart.
REVERSED AND REMANDED.

. Knoll, J., retired, participated in this decision which was argued prior to her, retirement.

. As also noted by the court of appeal, the record does not clearly establish what caused the bladder laceration, For purposes of clarity, the allegation of breach is not that Dr. Donnell created the laceration, but instead that he failed to properly repair it.

. In their brief to the Court, plaintiffs request? ed that the Court overrule Coco. We expressly decline to do so here and reiterate its ongoing vitality in the law.

. In Mart, Justice Calogero used the term “res nova" rather than “de novo." Here, however, we will use the term "de novo,” because it is more commonly . used in Louisiana., See Black's Law Dictionary (10th ed, 2014), de novo ("Anew”); Id. res nova ("1. An undecided question of law. 2, A case of first impression.”).

.. This distinction between Coco and Mart was reiterated in Ryan. v. Zurich American Insurance Co., 07-2312 (La. 7/1/08), 988 So.2d 214. In Ryan, liability was stipulated by the defendants before trial—i.e., causation was not at issue. Because Ryan was not complicated by causation issues, the principles annunciated in Coco applied to the damages review. 07-2312, p.7-8, 988 So.2d at 219. The Court distinguished Mart, noting that Ryan, unlike Mart, was not a case "where a determination of the amount of damages to be awarded for that item was foreclosed by a. prior determination of lack of fault or causation.” Id., 07-2312, p.6, 988 So.2d at 218.

. In 2004, this Court considered the case Green v. K-Mart Corp., 03-2495 (La. 5/25/04), 874 So.2d 838. In Green the court of appeal found no error in the jury’s finding that the accident caused the plaintiff’s injuries—i.e., causation was not at issue—and this Court affirmed that finding and proceeded to use the abuse of discretion standard to alter the damages award. For the reasons set forth herein, Green is therefore inapplicable to the present case.

. This error by the court of appeal is unsurprising, because the court of appeal was forced to interpret a verdict form that does not adequately address the complex factual issues presented in the case. We observe here that a verdict form with more information could have assisted the appellate court (and this Court) in interpreting the issues presented by this case. In any event, we recognize that this issue is not before us, as Dr. Donnell did not appeal the verdict, nor did he file a writ application here.

. The dissent argues that the juiy did in fact address the extent of the injury, because the jury awarded no general damages to Mrs. Thibodeaux. But this interpretation of the verdict form falls into the trap of extrapolating causation from the jury’s damages finding— exactly the mistake made by' the court of appeal here.

.The court of appeal also erred in stating that “[a] trier of fact abuses its discretion in failing to award general damages when it finds that a plaintiff has suffered injuries causally related to the accident that required medical attention.” 15-0503, p.6-7, 189 So.3d at 475. As noted above—and as the court of appeal acknowledges yet then ignores—Wain-might expressly declined to draw such a bright line rule. Wainwright, 00-0492 p.9, 774 So.2d at 75-76.