JOHNSON, J.,
DISSENTS, IN PART, WITH REASONS
I, respectfully, dissent from the majority opinion in this matter on the issues regarding allocation of fault, the general damages award, and the award for future medical expenses. For the following reasons, I believe the allocation of 90% fault to DOTD and the award of $500,000 in general damages to James Harris are not manifestly erroneous and are supported by the record, and amendment of the award for future medical expenses is not properly before this Court for review.
Allocation of Liability
| ^In this matter, the jury found DOTD caused or contributed to the accident between Mr. Harris and Marilyn Berniard. The jury also attributed 90% of fault for the accident to DOTD.
A trier of fact’s findings as to percentages of fault are factual and, in the absence of clear or manifest error, must be upheld on appeal. Warden v. Richoux, (La. App. 5 Cir. 3/23/10); 40 So.3d 139, 147. Allocation of fault is not an exact science, or the search for one precise ration, but rather an acceptable range, and any allocation by the factfinder within the range cannot be clearly wrong. Hebert v. Rapides Par. Police Jury, 06-2001 (La. 1/16/08); 974 So.2d 635, 655, rehearing denied, (La. 3/7/08). The trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages claimed. Id., citing Watson v. State Farm and Cas. Ins. Co., 469 So.2d 967, 974 (La. 1985).
In the instant case, Plaintiffs, Mr. Harris and his wife, Doris Harris, presented evidence that DOTD constructed a barrier curb in 1975 along the narrow median of the accident site. Plaintiffs further presented evidence that the 1973 AASHTO guidelines recommended the use of a jersey barrier for the median in question, and DOTD failed to adhere to those guidelines. Robert Eisman, a project manager of road design for DOTD, stated that DOTD more likely than not knew of the 1973 AASHTO guideline for the use of jersey barriers on medians at the time the barrier curb in *712 this matter was erected. Herman Hill, an expert in traffic engineering and accident reconstruction, testified that DQTD had actual knowledge of AASHTO’s 1973 curb design guidelines because DOTD is required by Louisiana law to adopt AASH-TO’s minimum safety requirements.
Evidence was also presented that barrier curbs were not suitable for medians because they were unsafe. Mr. Eisman testified that barrier curbs are not typically loused on medians in Louisiana, and DOTD violated its own EDSM guidelines by constructing the barrier curb on the median in question. Mr. Hill testified that the EDSM provided that barrier curbs were only to be used on curbs adjacent to sidewalks, not on medians. He stated that there was a safety concern with barrier curbs on medians like the one in this matter because , of the difficulty a driver would encounter with controlling the vehicle if its tire hit the curb.
Furthermore, evidence was presented through the testimony of Mr. Hill that the contact of the left tire of Ms. Berniard’s vehicle with the barrier curb caused her to. lose control of her vehicle as.it went airborne and over, fhe median, resulting in an impact with Mr. Harris’s vehicle. Thus, despite the fact that Ms. Berniard drove erratically prior to the accident, the evidence supports the theory that but for the negligent design of the barrier curb in median by DOTD, the accident between Ms. Berniard " and Mr, Harris would hot have occurred.[5] Basically, any contact of a vehicle’s left tire with the barrier curb 'in this matter at the speed of 45mph and above would have caused the driver of that vehicle to lose control and bolt over the median into the opposite lanes of traffic, regardless of whether the driver was driving erratically prior to the contact,
Although 90% seems to be a high percentage to allocate to a third-party, the jury reached its conclusion after considering the evidence of both parties and found that DOTD’s fault was more substantial than Ms. Berniard’s fault; thus, I am constrained from reversing the jury’s factual determination in this. matter. Despite whether this panel agrees with the allocation of fault between DOTD and Ms. Bern-iard, I find it difficult, if not impossible, to conclude that the jury’s determination was manifestly erroneous because the record supports its determination. My-position is supported by Campbell v. Louisiana Dep’t of Transp. & Dev., 94-1052 (La. 1/17/95); 648 So.2d 898, where the Louisiahá Supreme Court reversed a court of appeal’s reapportionment of DOTD’s percentage of fault from 75% to 10% and reinstated the trial court’s judgment, finding the trial court’s allocation of fault was not clearly wrong and DOTD’s fault in that matter was more substantial in causing the harm than the fault of the driver. (See also, Petre v. State, 01-876 (La. 4/3/02); 817 So.2d 1107, where the Louisiana Supreme Court affirmed the equal allocation of fault between DOTD and an. intoxicated driver on the basis that the findings wepe supported by the record and were not unreasonable.)
Therefore, under the manifest error standard of review, I simply cannot find the jury’s allocation of fault of 90% to DOTD was erroneous.
General Damages Awards
The jury in this matter originally awarded Plaintiffs $5,000,000 in general damages and a separate $1,000,000 for past, present, and future loss of enjoyment of life. However, the trial court applied the jury’s finding with regard to third-party fault to the *713 monetary award and found DOTD’s proportionate responsibility to Mr. Harris for the general damages to be $4,500,000 and $900,000 for loss of enjoyment of life. The trial court subsequently reduced the general damages and loss of enjoyment of life awards to $500,000, pursuant to La. R.S. 13:5106(B)(1), plus interests. The court only awarded damages to Mr. Harris in its judgment, unlike the jury’s award to both Mr. Harris and Mrs. Harris. However, Plaintiffs did not file an answer to this appeal to seek modification of the judgment. Thus, only a review the awards as they relate to Mr. Harris is appropriate.
Before a court of appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. Thibodeaux v. Donnell, 16-570, p. 9 (La. 1/20/17); 219 So.3d 274, 2017 WL 264533, 2017 La. LEXIS 99, citing Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La. 1976). Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Id. It is never appropriate for a court of appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence. Id.
Under La. R.S. 13:5106(B)(1), the total liability of the State for all damages for personal injury to any one person, exclusive of property damages, medical care and related benefits and loss of earnings, and loss of future earnings as provided by that Section, shall not exceed $500,000, regardless of the number of suits filed or claims made for the personal injury to that person.
At trial, Mr. Harris testified the amputation of his leg was required as a result of the accident. Prior to the accident, he stated he was an active, outgoing and fun-loving person. He enjoyed building birdhouses, walking, ministering, and fishing. He expressed that he is now an angry man because of the accident. Mr. Harris testified that he is spiritually and physically bothered, in constant pain from the rod implanted in his femur and the screw in his hip, and has problems with security while traveling. He does not participate in many of his pre-accident activities, specifically fishing because the prosthesis on his leg could act as an anchor. Mrs. Harris corroborated Mr. Harris’s testimony by stating that Mr. Harris was struggling with adjusting to the amputation.
Although DOTD complains of the jury’s awards for general damages and loss of enjoyment of life, those awards were not the final awards rendered by the trial court. Mr. Harris was ultimately awarded $500,000 in total for general damages and loss of enjoyment of life. I find the trial court properly reduced the Injury’s general damages and loss of enjoyment of life awards pursuant to La. R.S. 13:5106(B)(1), as DOTD’s liability to Mr. Harris for those awards could not exceed $500,000. After review of the evidence presented, I do not find the trial court abused its discretion in awarding Mr. Harris the capped amount of $500,000 for general damages and loss of enjoyment against DOTD. The record supports the award and is reasonable considering the losses incurred by Mr. Harris that will continue to affect his future.
Future Medical Expenses
In this appeal, DOTD alleged the trial court was manifestly erroneous in awarding Mr. Harris $5,000,000 in general damages for past, present and future mental and physical pain and suffering and $1,000,000 for loss of enjoyment. DOTD *714 did not allege the award for the future medical expenses was erroneous. Thus, I am of the opinion that consideration of Mr. Harris’s future medical expenses award is not properly before this Court for review. See, Uniform Rules-Courts of Appeal, Rule 1-3.
For the foregoing reasons, I dissent, in part, from the majority opinion. In all other respects, I agree with the majority in affirming the remainder of the trial court’s judgment.

. ■ I note that no evidence was presented from either side as to whether the accident would have occurred if there was no median in that area.