ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF TERREBONNE PER CURIAM hWe grant this writ application to determine whether the court of appeal on remand for de novo review abused its discretion in its award of general damages to the plaintiffs. The facts are thoroughly summarized in Thibodeaux v. Donnell, 16-0570 (La. 1/20/17), 219 So.3d 274. In our prior opinion, this court held that, because the court of appeal found manifest error in the jury’s factual findings, the court of appeal should have performed a de novo review of damages under Mart v. Hill, 505 So.2d 1120 (La. 1987). On remand the court of appeal increased Kimberly Thibodeaux’s general damages from $50,000 to $60,000, increased Todd Thibodeaux’s loss of consortium damages from $15,000 to $20,000, and increased Gabriella Thibodeaux’s loss of consortium damages from $5,000 to $7,500. In reviewing an award of damages, the initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La. 1993) (citations omitted). After the reviewing court has determined that there has been an abuse of discretion, and only then, the court may resort to review of prior awards for the purpose of determining the highest or lowest point that is reasonably within that discretion. Id. at 1260-61 (citations omitted). In reviewing the facts, the reviewing Rcourt should examine whether the present award is greatly disproportionate to past awards for similar injuries, though prior awards are only a guide. Bouquet v. Wal-Mart Stores, Inc., 08-0309, p. 5 (La. 4/4/08), 979 So.2d 456, 459 (citations omitted). With those standards in mind, we have reviewed the record to analyze the particular facts and circumstances surrounding the injuries incurred by the plaintiff and how these injuries specifically affected her, her husband, and her daughter. We And the court of appeal abused its discretion in the damages awarded on remand. After examining comparable awards in similar cases to determine the lowest amount that could have been reasonably awarded, we amend the awards as follows. First, we amend the award of general damages to Kimberly Thibodeaux to $150,000. See Seagers v. Pailet, 95-52, p. 20 (La. App. 5 Cir. 5/10/95), 656 So.2d 700, 713, writ denied, 96-2730 (La. 1/6/97), 685 So.2d 117. We next amend the award of loss of consortium damages to Todd Thibodeaux to $50,000. See LeBlanc v. Western Heritage Ins. Co., 02-788 (La. App. 5 Cir. 12/30/02), 837 So.2d 81, unit denied, 03-0320 (La. 4/4/03), 840 So.2d 1221; Seagers v. Pailet, supra, pp. 20-21, 656 So.2d at 713. Finally, we amend the award in loss of consortium damages to Gabrielle Thibodeaux to $25,000. See Accardo v. Cenac, 97-2320, p. 18 (La. App. 1 Cir. 11/6/98), 722 So.3d 302, 312. WRIT GRANTED; JUDGMENT AMENDED AND AFFIRMED AS AMENDED WEIMER, J., dissents and assigns reasons.