# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 24-469

### consolidated with 24-470, 24-471, 24-472, 24-473, 24-474, 24-475, 24-476, 24-477

**MARTHA BROWN**

**VERSUS**

**ARKITA JOHNSON, ET AL**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 267,149 consolidated with Nos. 269,028; 267,265;
269,040; 269,048; 269,089; 269,293; 269,306; and 269,479
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CLAYTON DAVIS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton
Davis, Judges.

**AFFIRMED.**

**Donald Ray Brown**
**Attorney at Law**
**P. O. Box 12478**
**Alexandria, Louisiana 71315-2478**
**Telephone (318) 487-9976**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **Winnie Lott**

**Julius Willis Grubbs, Jr.**
**Haik, Minvielle & Grubbs**
**1101 E. Admiral Doyle Drive #503**
**New Iberia, Louisiana 70560**
**Telephone (337) 365-5486**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **Christus St. Francis Cabrini Hospital**

**Edward S. Johnson**
**Attorney at Law**
**701 Poydras Street, Suite 4700**
**New Orleans, Louisiana 70139-7701**
**Telephone (504) 528-3001**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ace American Ins. Co.**
    **Arkita Johnson**
    **Martin Marietta Materials, Inc.**

**Thomas Benjamin Moyse Wahlder**
**Attorney at Law**
**1740 Jackson Street**
**Alexandria, Louisiana 71306**
**Telephone (318) 442-9417**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Martha Brown**

**Joseph B. Stamey**
**Stamey Law Firm, LLC**
**PO Drawer 1288**
**Natchitoches, Louisiana 71458-1288**
**Telephone (318) 352-4559**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ace American Ins. Co.**
    **Arkita Johnson**
    **Martin Marietta Materials, Inc.**

**Laurie Ann Simms**
**Thomas B. Wahlder Firm**
**1740 Jackson Street**
**Alexandria, Louisiana 71306**
**Telephone (318) 442-9417**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Martha Brown**

**Paul J. Tellarico**
**Brian Caubarreaux & Associates**
**2204 McArthur Drive**
**Alexandria, Louisiana 71301**
**Telephone (318) 442-0900**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **James Ayres**
    **Debra Swearington**
    **Sheterrian Sewell**
    **Derrick Wilson**

**Lewis Olivier Lauve, Jr.**
**Bussey & Lauve, LLC**
**P. O. Drawer 8778**
**Alexandria, Louisiana 71306**
**Telephone (318) 449-1937**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **City of Alexandria**

**Byron O'Neal**
**O'Neal Law Firm**
**1847 Sterkx Road**
**Alexandria, Louisiana 71301**
**Telephone (318) 487-8787**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **Marrison Wright**
    **James Odom**
    **Charles Price**
    **Shirley Cooper Odom**
    **Vickie L. Odom**
    **Bronnie Odom**
    **Shirley Cooper Odom obo Jerry Cooper, deceased**

**Shawn M. Bordelon**
**Laborde Earles Law Firm**
**100 Versailles Blvd., Suite A**
**Alexandria, Louisiana 71303**
**Telephone (318) 373-6321**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **Derrick Vales**

**Joshua J. Dara, Jr.**
**Gold, Weems, Bruser**
**P. O. Box 6118**
**Alexandria, Louisiana 71301**
**Telephone (318) 445-6471**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **City of Alexandria**

**Stephen J. Hecker**
**Attorney at Law**
**631 St Charles Ave, Suite 2F**
**New Orleans, Louisiana 70130**
**Telephone (504) 446-1000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Martha Brown**

**Rachel Coronel**
**Gordon McKernan**
**4207 Parliament Drive, Suite A**
**Alexandria, Louisiana 71303**
**Telephone (318) 443-8888**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **Connie Combs**
    **Hope Carter**
    **Darryl Williams**

**DAVIS, Judge.**

These consolidated actions arise from an automobile accident in December 2019 in Alexandria. Martha Brown, a City of Alexandria employee, was driving a city bus with several passengers on board when she proceeded through an intersection on a green light. Arkita Johnson, an employee of Martin Marietta Materials, Inc., was operating a company pickup truck. The pickup entered the intersection first, despite being faced with a red light, and the front of the bus collided with the pickup's front driver side. The bus proceeded through the intersection and drifted off the roadway. Brown fell out of the driver's seat as the bus jumped a curb and struck a brick wall and then a utility pole.

Brown and other injured plaintiffs, along with the City of Alexandria, sued Johnson, Martin Marietta, and Ace American Insurance, alleging the negligence of Johnson and Martin Marietta.[1] Some of the plaintiffs also named Brown and the City as defendants, alleging their negligence. Various third party demands and interventions were also filed, all centered around the negligence of Johnson and/or Brown.

The trial court bifurcated trials on the issues of liability and damages. The City's liability was tried to the judge, while a jury determined the liability of the other defendants. The trial court and the jury both found Arkita Johnson 100% at fault.

Martin Marietta appeals the judgment alleging the trial court: 1) erroneously granted Brown's motion to strike Johnson's expert witnesses, and 2) instructed the jury with confusing and inconsistent statements of the law. Martin Marietta also appeals the assignment of all fault against Johnson and the failure to attribute any

---

[1]We refer to Johnson, Martin Marietta, and Ace collectively as "Martin Marietta" in this opinion.

fault to Brown because of her breach of the heightened standard of care applicable to a professional driver.

For the reasons discussed below, we affirm in all respects the judgment from the trial court.

*Motion to Strike Martin Marietta's Expert Witnesses*

Counsel for Brown and the City sent discovery requests to Martin Marietta in February 2020 asking it to identify witnesses, particularly expert witnesses, they intended to call at trial. Price's counsel propounded a similar request in September 2020.

Martin Marietta's counsel objected to the discovery requests as premature and said experts would be listed in accordance with the court's scheduling order. They never supplemented the response. In October 2020, accident reconstructionist Jeremy Hoffpauir and biomedical engineer Jeffrey Wheeler attended an inspection of the bus involved in the accident. On August 30, 2023, Martin Marietta identified Mr. Hoffpauir and Mr. Wheeler as witnesses to be called at trial. This disclosure was ninety days before trial and sixty days before the discovery deadline, in accordance with the court's scheduling order and deadline to disclose experts.

Brown filed a motion to exclude the testimony of Mr. Hoffpauir and Mr. Wheeler at trial because Martin Marietta had not identified them in discovery. The trial court granted the motion. Although Martin Marietta indicated it would seek a supervisory writ at the hearing, it never did. Martin Marietta made no proffer of the experts' testimony either at the hearing or at trial.

Louisiana Code of Civil Procedure Article 1636 allows a party to offer excluded evidence and subject it to cross-examination. When such a proffer is made, the trial court shall state its reasons for excluding the evidence on the record. That decision is reviewable on appeal. The failure to proffer excluded testimony does not

2

prohibit appellate review when the record on appeal clearly shows the content of the excluded testimony. *Williams v. Lafayette City-Par. Consol. Gov't*, 11-281 (La.App. 3 Cir. 10/5/11), 72 So.3d 1023, *writ denied*, 11-2473 (La. 2/3/12), 79 So.3d 1027.

The *Williams* plaintiff sustained injury when she fell on a public bus. She offered testimony of a witness about the bus operator's driving habits and the defendant's training procedures. The trial court excluded the testimony as irrelevant, and the plaintiff's counsel did not proffer it to the court. Counsel did, however, inform the court of the topics about which the witness would have testified. On appeal, this court noted the difference between topics and substance of testimony and found "the factual statements and/or conclusions to which [the witness] would have testified are not apparent from the record." *Id.* at 1028.

Expert witness testimony is based on "[t]he expert's scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue." La. Code Evid. art. 702. Expert testimony must be "based on sufficient facts or data," use reliable principles and methods in its analysis, and reliably apply those principles and methods to the facts of the case. *Id.*

Martin Marietta contends other evidence in the record on appeal establishes that two impacts occurred, passengers and Brown were thrown from their seats, Brown was not wearing her seat belt, and other facts established by non-expert witnesses. The record lacks testimony based on expert knowledge that would aid the trial judge and jury to determine liability for this accident. It further lacks testimony showing the application of reliable principles and methods to the facts to aid the triers of fact.

While the record contains the facts on which the experts would have based their conclusions, it does not show how those facts would lead to scientific, technical, or specialized conclusions resulting from the experts' application of reliable

principles and methods to the facts of this case. Indeed, if the record could sufficiently establish the substance and conclusions of the expert testimony without that testimony being part of the record, no expert testimony would be necessary.

We need not determine whether the trial court abused its vast discretion by excluding the expert testimony of Mr. Hoffpauir and Mr. Wheeler. Martin Marietta did not proffer the excluded testimony or introduce evidence into the record of the experts' conclusions that would have aided the jury and the trial judge in determining liability. This assignment of error lacks merit.

*Jury Instructions*

Martin Marietta contends the trial court's jury instructions about the standard of care to be applied to Brown's conduct were inconsistent and confusing. Brown contends Martin Marietta is estopped from challenging those instructions on appeal because it did not state its objections to them on the record.

A party objecting to an instruction given to the jury must state "specifically the matter to which he objects and the grounds of his objection." La.Code Civ.P. art. 1793(C). The objection may be made before the jury retires to deliberate or immediately after the jury retires. A party who does not make such an objection may not raise the issue on appeal. *Libersat v. J & K Trucking, Inc.*, 00-192 (La.App. 3 Cir. 10/11/00), 772 So. 2d 173. Objections not placed in the record are insufficient to preserve the issue for appeal. *See Smiciklas v. Groendyke Transport, Inc.*, 505 So. 2d 775 (La.App. 2 Cir.), *writ denied*, 506 So.2d 1231 (La.1987).

Here, the parties and the trial court engaged in a lengthy discussion of the specific language of each of the jury instructions shortly after trial began. Counsel for Martin Marietta made comments about the instructions and suggestions for changes to them but never stated an objection to what would be read to the jury. At one point in that discussion the trial judge made a passing reference on the record to

4

"when we had our conference on the phone" about jury instructions. The substance of that conference is not part of the record.

This court cannot assume that someone objected to a jury charge or determined the substance of an objection made during a conference that is not part of the record on appeal. The record contains no objection in any proceeding or event discussing jury instructions other than the conference after trial began. It contains no indication of Martin Marietta's objections to jury charges 9-13 of which it now complains. Thus, this court is unable to consider Martin Marietta's claim. *Id.*

## Assignment of Fault

Martin Marietta contends the verdicts of the trial court and the jury are manifestly erroneous. It argues that a judgment carries no weight when the jury receives incorrect instructions on the law or when the trial court erroneously excludes evidence. As discussed above, Martin Marietta's arguments about incorrect instructions or erroneously excluded evidence are not properly before this court. Thus, we review the issue of fault allocation under the manifest error standard and not via *de novo* review.

To disturb the allocation of fault, this court must find that the record contains no reasonable factual basis for the trial court's ruling and that it shows the finding is clearly wrong. *Thibodeaux v. Donnell*, 16-570 (La. 1/20/17), 219 So. 3d 274. Our review of the record reveals no basis on which to revise the allocation of fault.

Both drivers claimed they entered the intersection of Elliott and Foisy Streets on a green light; evidence and testimony established the bus had the green light as it traveled west on Elliott Street. The Hathorn Building to the right of the bus at the intersection was so close to the roadway that it obstructed a view of southbound traffic on Foisy Street and westbound traffic on Elliott so that neither vehicle could see the other approaching the intersection.

5

Martin Marietta contends Brown breached the heightened standard of care required of a professional driver by failing to take adequate precautions as she approached and entered the intersection. She should have driven defensively and anticipated the negligence of Johnson as required by the City's policies and procedures to mitigate and not worsen potential harm.

Martin Marietta argues a first collision occurred when the bus struck the pickup in the intersection, and a second collision took place when the bus traveled on and struck a brick wall and a utility pole. However, the record shows the pickup was involved in three collisions and the bus was involved in five.

The primary collision caused the bus to drift to the left and the pickup to spin in a clockwise direction. The pickup's left rear corner then struck the right side of the bus near the rear passenger door. The pickup continued to slide until it struck a utility pole on the north side of Elliott Street and came to rest. After the two collisions with the pickup, the bus continued to veer slightly to the left, south side of Elliott for a short distance. It then struck a high, raised concrete curb and went over the curb. The left corner of the bus struck a large concrete wall, traveled alongside the wall, and came to rest after it struck a metal utility pole.

Corporal Joshua Daigre, the lead investigating officer on the case, testified Brown, driving the bus, had the green light when Johnson, driving the pickup, entered the intersection. Corporal Daigre saw no evidence of pre-impact braking by the bus or the pickup. Using a time-distance analysis, Corporal Daigre calculated the bus was traveling below the speed limit at twenty-one to twenty-two miles per hour.

Brown fell to the floor of the bus when it struck the brick wall because she was not wearing her seat belt. According to Corporal Daigre, wearing a seat belt generally gives a driver a better opportunity to keep her hands on the steering wheel and her foot on the brake.

6

Examination of photographs of the accident site with both vehicles at the points at which they came to rest shows only a short distance between the original point of impact and the final positions of the vehicles. Witness Hope Carter was a passenger on the bus. She felt two impacts between the bus and the pickup; the second impact sent the bus drifting into the wall. Chaos erupted after the first impact, with "people falling and flying" while the bus was still in motion.

Marrison Wright was also a passenger on the bus. He saw the pickup increasing speed, "coming faster and faster" as it approached and entered the intersection. The driver had a phone in her right hand and "was on the phone, screaming like."

In contrast, Johnson testified she was holding her cell phone between her legs, not in her hand, before the accident. She did not use her phone between the time she left Martin Marietta to the time of the impact. Johnson was able to make a call to her boyfriend within thirty seconds of the impact despite losing her bearings and the deployment of all the truck's airbags. At the time of the accident, Johnson's driver's license was suspended.  Nevertheless, she had access and use of two Martin Marietta vehicles.

Johnson also testified she had the green light.  She saw the light turn green when she turned onto Foisy Street from Madison Street. She passed at least two streets before reaching the intersection of Foisy and Elliott Streets, and the light was green the entire time. She testified she had seen a video that was shown to the jury showing that the bus had the green light, and she had no explanation for that.

Johnson could not see around the Hathorn Building toward the direction from which the bus came. Johnson's version of the collision was that she "was side-swiped by a bus, and swerved around." She said "the front driver's side fender tire" of the bus struck her truck and spun her clockwise. She recalled hitting a pole but

7

not hitting the bus a second time. Johnson did not think she could have done anything to avoid striking the pole because her truck was spun around from the impact.

Brown testified she stopped the bus at a red light at Sixth Street. The light turned green, and she "went straight up Elliott." She saw the light at Elliot and Foisy turn green; by the time she "got to the middle of the intersection, collision." She "didn't see nothing, until impact." She did not see Johnson because of the Hathorn Building. Nothing she could have done would have avoided the accident.

A planned upcoming surgery made the seatbelt uncomfortable for Brown to always wear. She would "take the belt off and on, off and on." Brown was not wearing it at the time of the impact. She knew the City's Policies and Procedures required her to wear the seat belt. When she had told her supervisors prior to the accident that she did not wear her seat belt on all occasions, she was told to wear it, but her supervisors never did anything beyond that. Brown admitted she should have been wearing the seat belt but believed that would not have prevented Johnson from "running through the red light." Brown was not disciplined because of this accident.

The impact was hard, "like boom. And people just everywhere, screaming, hollering[.]" The bus went to the left. Brown was "knocked out of [her] seat" and her hands were on the steering wheel until the bus "jumped the curb." Brown fell on top of two other people who had slid from the right side of the bus all the way to the front.

The trial court found no evidence of any liability on Brown's part and granted the City's motion for involuntary dismissal prior to the conclusion of the jury trial. Likewise, the jury found Brown free from fault and assessed 100% of the fault to Johnson.

The City's "Defensive Driving Tips" recommended a driver hold her right foot above the brake when approaching an intersection and look left, right, ahead,

and left again before entering. Drivers were advised to drive defensively. The City's Assistant Transit Manager, Marvin Carmouche, testified, "you know, you can't think of all that . . . at the time of . . . an incident or accident. This is something you should be doing, but it's not saying that it's going to actually happen." The "tips" were just that, and not City policies or required procedures.

Always wearing seat belts, however, was the City's policy because they help drivers stay restrained so they can maintain control of a vehicle in the event of an accident. Brown was in violation of that policy at the time of the accident.

Brown explained that she could not enter the intersection with her right foot above the brake pedal because the bus would slow to a stop with another vehicle behind her. Looking left, right, ahead, and left would not have prevented the crash. The Hathorn Building to Brown's right blocked her view of Johnson's oncoming pickup. Foisy Street was a one-way thoroughfare only allowing traffic from Brown's right. Brown was traveling below the speed limit at the time of the collision.

Brown did not fall from the driver's seat until the bus went over the curb. She would have been unable to steer or brake the bus at that point even if she had still been in her seat. Brown was in the same position in the bus as she would have been had she been wearing her seat belt until the bus impacted the curb.

Causation is an essential element of a negligence claim. A defendant's breach of a duty does not subject her to liability unless that breach caused or contributed to the resulting harm. *Rougeau v. Hosp. Serv. Dist. No. 2 of Beauregard Par.*, 22-749 (La. App. 3 Cir. 7/26/23), 368 So. 3d 1196, *writ denied*, 23-1157 (La. 11/15/23), 373 So. 3d 76. Thus, even if Brown did breach her heightened duty of care, that breach must still have been a cause of the collision. Breach alone does not create harm without causation.

This accident happened because Johnson ran the red light. Martin Marietta failed to prove that plaintiffs' injuries would have been less but for Brown's failure to exercise a heightened degree of care.

Accordingly, we affirm the verdicts of the trial court and the jury.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-470

### consolidated with CA 24-469, CA 24-471, CA 24-472, CA 24-473, CA 24-474, CA 24-475, CA 24-476, and CA 24-477

**WINNIE LOTT**

**VERSUS**

**ACE AMERICAN INS. CO., ET AL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 267,265, consolidated with Nos. 267,149; 269,028;
269,040; 269,048; 269,089; 269,293; 269,306; and 269,479
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CLAYTON DAVIS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Donald R. Brown**
**Attorney at Law**
**P. O. Drawer 12478**
**Alexandria, LA 71315-2478**
**(318) 487-9976**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Winnie Lott**

**Edward S. Johnson**
**Attorney at Law**
**701 Poydras Street, Ste 4700**
**New Orleans, LA 70139-7701**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ace American Ins. Co.**
    **Arkita Johnson**
    **Martin Marietta Materials, Inc.**

**Charles David Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Alexandria**

**DAVIS, Judge.**

For the reasons assigned in *Martha Brown v. Arkita Johnson, et al.*, 24-469 (La.App. 3 Cir. 2/21/25), ___ So.3d ___, handed down this day, we affirm the judgment of the trial court.

**AFFIRMED.**

2

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-471

## consolidated with CA 24-469, CA 24-470, CA 24-472, CA 24-473, CA 24-474, CA 24-475, CA 24-476, and CA 24-477

**MARRISON WRIGHT**

**VERSUS**

**MARTIN MARIETTA MATERIALS, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 269,028, consolidated with Nos. 267,149; 267,265;
269,040; 269,048; 269,089; 269,293; 269,306; and 269,479
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## CLAYTON DAVIS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Christopher L. Williams**
**Johnson, Yacoubian & Paysse**
**701 Poydras Street Suite 4700**
**New Orleans, LA 70139**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ace American Ins. Co.**
    **Arkita Johnson**
    **Martin Marietta Materials, Inc.**

**Charles David Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Alexandria**
    **Martha Brown**

**Byron O'Neal**
**O'Neal Law Firm**
**1847 Sterkx Road**
**Alexandria, LA 71301**
**(318) 487-8787**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Marrison Wright**

**DAVIS, Judge.**

For the reasons assigned in *Martha Brown v. Arkita Johnson, et al.*, 24-469 (La.App. 3 Cir. 2/21/25), ___ So.3d ___, handed down this day, we affirm the judgment of the trial court.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-472

## consolidated with CA 24-469 & CA 24-470, CA 24-471, CA 24-473, CA 24-474, CA 24-475, CA 24-476, and CA 24-477

**CHARLES PRICE**

**VERSUS**

**MARTIN MARIETTA MATERIALS, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 269,040, consolidated with Nos. 267,149; 269,028; 267,265; 269,048; 269,089; 269,293; 269,306; and 269,479
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CLAYTON DAVIS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Christopher L. Williams**
**Johnson, Yacoubian & Paysse**
**701 Poydras Street Suite 4700**
**New Orleans, LA 70139**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ace American Ins. Co.**
    **Arkita Johnson**
    **Martin Marietta Materials, Inc.**

**Byron O'Neal**
**O'Neal Law Firm**
**1847 Sterkx Road**
**Alexandria, LA 71301**
**(318) 487-8787**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Charles Price**

**Charles David Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **City of Alexandria**
    **Martha Brown**

**DAVIS, Judge.**

For the reasons assigned in *Martha Brown v. Arkita Johnson, et al.*, 24-469 (La.App. 3 Cir. 2/21/25), ___ So.3d ___, handed down this day, we affirm the judgment of the trial court.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-473

## consolidated with CA 24-469 & CA 24-470, CA 24-471, CA 24-472, CA 24-474, CA 24-475, CA 24-476, CA 24-477

**DERRICK WILSON**

**VERSUS**

**MARTIN MARIETTA MATERIALS, INC., ET AL.**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 269,048, consolidated with Nos. 267,149; 267,265;
269,028; 269,040; 269,089; 269,293; 269,306; and 269,479
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**********

**CLAYTON DAVIS**
**JUDGE**

**********

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Christopher L. Williams**
**Johnson, Yacoubian & Paysse**
**701 Poydras Street Suite 4700**
**New Orleans, LA 70139**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ace American Ins. Co.**
    **Arkita Johnson**
    **Martin Marietta Materials, Inc.**

**Paul J. Tellarico**
**Brian Caubarreaux & Associates**
**2204 McArthur Drive**
**Alexandria, LA 71303**
**(318) 442-0900**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Derrick Wilson**

**Julius Willis Grubbs, Jr.**
**Haik, Minvielle & Grubbs**
**1017 E. Dale Street**
**New Iberia, La 70562**
**(337) 365-5486**
**COUNSEL FOR THIRD PARTY PLAINTIFF/APPELLEE:**
    **Christus Health Central Louisiana**

**DAVIS, Judge.**

For the reasons assigned in *Martha Brown v. Arkita Johnson, et al.*, 24-469 (La.App. 3 Cir. 2/21/25), ___ So.3d ___, handed down this day, we affirm the judgment of the trial court.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-474

### consolidated with CA 24-469 & CA 24-470, CA 24-471, CA 24-472, CA 24-473, CA 24-475, CA 24-476, and CA 24-477

**CHRISTOPHER SWEARINGTON**

**VERSUS**

**ARKITA JOHNSON, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 269,089, consolidated with Nos. 267,149; 267,265; 269,028; 269,040; 269,048; 269,293; 269,306; and 269,479
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CLAYTON DAVIS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Christopher L. Williams**
**Johnson, Yacoubian & Paysse**
**701 Poydras Street Suite 4700**
**New Orleans, LA 70139**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ace American Ins. Co.**
    **Arkita Johnson**
    **Martin Marietta Materials, Inc.**

**Paul J. Tellarico**
**Brian Caubarreaux & Associates**
**2204 McArthur Drive**
**Alexandria, LA 71301**
**(318) 442-0900**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Christopher Swearington**

**Eugene A. Ledet, Jr.**
**Brian Caubarreaux & Assoc.**
**2000 Kaliste Saloom Rd.,  #102**
**Lafayette, LA 70508**
**(337) 202-0900**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Christopher Swearington**

**DAVIS, Judge.**

For the reasons assigned in *Martha Brown v. Arkita Johnson, et al.*, 24-469 (La.App. 3 Cir. 2/21/25), ___ So.3d ___, handed down this day, we affirm the judgment of the trial court.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 24-475

**consolidated with CA 24-469 & CA 24-470, CA 24-471, CA 24-472, CA 24-473, CA 24-474, CA 24-476, CA 24-477**

**CARL HOLLIER**

**VERSUS**

**ACE AMERICAN INS. CO., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 269,293, consolidated with Nos. 267,149; 267,265;
269,028; 269,040; 269,048; 269,089; 269,306; and 269,479
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CLAYTON DAVIS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Christopher L. Williams**
**Johnson, Yacoubian & Paysse**
**701 Poydras Street Suite 4700**
**New Orleans, LA 70139**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
   **Ace American Ins. Co.**
   **Arkita Johnson**
   **Martin Marietta Materials, Inc.**

**Scott F. Higgins**
**LaBorde Earles**
**P. O. Box 80098**
**Lafayette, LA 70598**
**(337) 261-2617**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
   **Carl Hollier**

**Charles David Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
   **City of Alexandria**
   **Martha Brown**

**DAVIS, Judge.**

For the reasons assigned in *Martha Brown v. Arkita Johnson, et al.*, 24-469 (La.App. 3 Cir. 2/21/25), ___ So.3d ___, handed down this day, we affirm the judgment of the trial court.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-476

## consolidated with CA 24-469 & CA 24-470, CA 24-471, CA 24-472, CA 24-473, CA 24-474, CA 24-475, CA 24-477

**SHIRLEY COOPER ODOM, ET AL**

**VERSUS**

**MARTIN MARIETTA MATERIALS, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 269,306, consolidated with Nos. 267,149; 267,265; 269,028; 269,040; 269,048; 269,089; 269,293; and 269,479
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CLAYTON DAVIS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Christopher L. Williams**
**Johnson, Yacoubian & Paysse**
**701 Poydras Street Suite 4700**
**New Orleans, LA 70139**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ace American Ins. Co.**
    **Arkita Johnson**
    **Martin Marietta Materials, Inc.**

**Charles David Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **City of Alexandria**
    **Martha Brown**

**Byron O'Neal**
**O'Neal Law Firm**
**1847 Sterkx Road**
**Alexandria, LA 71301**
**(318) 487-9750**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Shirley Cooper Odom, et al**

**DAVIS, Judge.**

For the reasons assigned in *Martha Brown v. Arkita Johnson, et al.*, 24-469 (La.App. 3 Cir. 2/21/25), ___ So.3d ___, handed down this day, we affirm the judgment of the trial court.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-477

## consolidated with CA 24-469 & CA 24-470, CA 24-471, CA 24-472, CA 24-473, CA 24-474, CA 24-475, CA 24-476

**PAMELA WILKINSON**

**VERSUS**

**ACE AMERICAN INS. CO., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 269,479, consolidated with Nos. 267,149; 267,265; 269,028; 269,040; 269,048; 269,089; 269,293; and 269,306
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CLAYTON DAVIS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Christopher L. Williams**
**Johnson, Yacoubian & Paysse**
**701 Poydras Street Suite 4700**
**New Orleans, LA 70139**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **Ace American Ins. Co.**
 **Arkita Johnson**
 **Martin Marietta Materials, Inc.**

**Charles David Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **City of Alexandria**
 **Martha Brown**

**Shawn M. Bordelon**
**Laborde Earles Law Firm**
**100 Versailles Blvd., Suite A**
**Alexandria, LA 71303**
**(318) 625-6397**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Pamela Wilkinson**

**Julius Willis Grubbs, Jr.**
**Haik, Minvielle & Grubbs**
**1017 E. Dale Street**
**New Iberia, La 70562**
**(337) 365-5486**
**COUNSEL FOR THIRD PARTY PLAINTIFF/APPELLEE:**
 **Christus Health Central Louisiana**

**DAVIS, Judge.**

For the reasons assigned in *Martha Brown v. Arkita Johnson, et al.*, 24-469 (La.App. 3 Cir. 2/21/25), ___ So.3d ___, handed down this day, we affirm the judgment of the trial court.

**AFFIRMED.**